39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James A. GRAGG, Plaintiff-Appellants,
v.
STATE OF Nebraska, ex rel.; Buckendahl, Defendants-Appellees.
 No. 94-3176.
 United States Court of Appeals, Tenth Circuit.
 Nov. 7, 1994.
 
 Before McWILLIAMS, BARRETT and LOGAN, Senior Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 James A. Gragg, appearing pro se and presently incarcerated with the Kansas Department of Corrections at Lansing, Kansas, appeals from the district court's Memorandum and Order of May 17, 1994, granting the defendants' respective motions to dismiss Gragg's complaint and 42 U.S.C.1983 cause of action filed against them.
 
 
 3
 In a rambling forty-five page document entitled "Motion for Appointment of Counsel" which this court treats as Gragg's Brief on Appeal, he argues that the State of Nebraska, through various officials and agents, acting under color of state law, violated his constitutional right to due process of law in various legal proceedings brought against him to determine paternity, child support and to collect unreimbursed assistance through the Uniform Reciprocal Enforcement of Support Act (URESA) with the State of Kansas. Gragg sought an order demanding that the State of Nebraska cease its pursuit of unreimbursed assistance, pay his costs, and that he be awarded actual damages of $7.3 million, punitive damages, appointed counsel and that a guardian ad litem be appointed to represent the interests of the twins. Gragg asserted that Vickie Lynn Buckendahl, the mother of the twins, conspired with the State of Nebraska to violate his constitutional rights in initiating and participating in the aforesaid legal proceedings.
 
 
 4
 In response to the defendants' motions to dismiss, Gragg argued that "... the interests of justice requires a full and fair litigation of the issues on the merits in one complete action, in federal court, having proper jurisdiction over both states (Nebraska and Kansas) and the application of 'comparative negligence' to this case." (R., Vol. I, Item 21, filed April 18, 1994).
 
 
 5
 The district court denied Gragg's motion for appointment of counsel, finding that Gragg had failed to establish exceptional circumstances justifying such appointment in this case. For the same reason, this court denies Gragg's renewed motion on appeal.
 
 
 6
 The district court permitted Gragg to proceed in forma pauperis. We are cognizant of the rule that pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988), (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).
 
 
 7
 We review a district court's dismissal of a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) de novo. Williams v. United States, 957 F.2d 742, 743 (10th Cir.1992).
 
 
 8
 We AFFIRM the district court substantially for the reasons set forth in the district court's Memorandum and Order of May 17, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470